IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KENNETH JACKSON                                                    PLAINTIFF

v.                              Civil No. 13-3014

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                     DEFENDANT

## MEMORANDUM OPINION

  Plaintiff, Kenneth Jackson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I. Procedural Background:

  The Plaintiff filed his applications for DIB and SSI on December 28, 2010, alleging an onset date of December 28, 2010, due to broken bones, a bad back, and hernias.  Tr. 29-30, 115, 122, 167-168, 190-191.  His claims were denied both initially and upon reconsideration.  An administrative hearing was then held on November 10, 2011.  Tr. 24-52.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, he was 45 years of age and possessed a high school education with past relevant work ("PRW") as a carpenter and laborer.  Tr. 17, 27, 29-3, 115, 158-165.

On December 2, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's back impairment and hernia did not meet or equal any Appendix 1 listing.  Tr. 13.  The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform the sedentary work, except that he could occasionally climb, balance, crawl, kneel, stoop, crouch, and reach overhead with his right arm.  Tr. 13.  With the assistance of a vocational expert, the ALJ concluded that Plaintiff could perform work as a machine operator, assembler/production worker, and cashier II.  Tr. 18.

Plaintiff appealed this decision to the Appeals Council, but his request for review was denied on December 19, 2012.  Tr. 1-4.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF No.9, 10.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

## II.    <u>Applicable Law</u>:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider

AO72A
(Rev. 8/82)

evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

A.    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

3

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III. **Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

4

On February 11, 2011, Dr. Shannon Brownfield performed a consultative examination. Tr. 262-266. Dr. Brownfield noted limited lumbar flexion to 75 degrees, limited motion in the right shoulder to 105 degrees, limited motion in the left shoulder to 90 degrees, and limited motion in the right knee to 105 degrees. After diagnosing Plaintiff with right shoulder pain secondary to an old clavicle fracture and possible torn rotator cuff, lower back pain secondary to degenerative disk disease or osteoarthritis, and right knee pain secondary to a possible meniscal tear or osteoarthritis, he assessed moderate to severe limitations with regard to Plaintiff's use of his right shoulder and his ability to stoop, bend, and lift.. Unfortunately, however, Dr. Brownfield did not order objective tests to further investigate the source of Plaintiff's pain, did not define the terms moderate or severe, and was not asked to complete an RFC assessment.

As the record stands, the evidence reveals that Plaintiff suffered from a right inguinal hernia that necessitated surgery, bulging disks at the L4-5 and L5-S1 levels, right shoulder pain, and right knee pain. However, the record does not contain an RFC assessment from an examining physician. Given that the objective evidence did reveal a limited range of motion in the lumbar spine, both shoulders, and the right knee, we believe that an RFC assessment from an examining source is necessary to establish Plaintiff's true work-related limitations. Further, we believe that Dr. Brownfield's notations concerning the presence of a possible rotator cuff and meniscal tear require remand for further development of the record in this regard. *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made).

5

**V.**     **Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 21st day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6